UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEITH A. WEST | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3271 |
| | ) | |
| VIPIN K. SHAH et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff Keith West, proceeding *pro se* and currently incarcerated in Stateville Correctional Center, pursues claims arising from events at Western Illinois Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is

1

"frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ".  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary.  The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6).  Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56.  However, *pro se* pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

In August, 2009, while incarcerated in Western Illinois Correctional Center, Plaintiff was eating a cookie when he bit on a hard foreign object in the cookie, breaking his back tooth.  He began experiencing "unbearable and excruciating" pain.  He was escorted to the health care unit where the nurse scheduled him for a dentist appointment and gave him Tylenol.  Plaintiff tried to explain to the nurse that Tylenol would not alleviate his severe pain, but the nurse refused to phone the doctor to request emergency dental care.  Despite his repeated pleas, Plaintiff

suffered this severe pain for one or two weeks, unable to sleep or eat. When the time came for Plaintiff's dentist appointment, the guard inadvertently failed to come to Plaintiff's cell, causing Plaintiff to be late for the appointment. The dentist refused to see Plaintiff, though Plaintiff described his broken tooth and severe pain to the dentist. Plaintiff's suffering continued for weeks. His pleas were ignored or refused, including a plea to Defendant Dr. Shah. Eventually Plaintiff did receive dental surgery.

Plaintiff also alleges that the offending cookie "came from Illinois River Correctional Center, run by James Underwood and or John Doe and Susan Griswold both I.D.O.C. Administrators of correctional industries and Food Services throughout the entire state."

In a separate incident in January, 2010, Plaintiff slipped and fell on ice on a walkway. He suffered injury to his back, legs, and shoulders. Nurse Ring and other unidentified nurses took him by a stretcher or wheelchair to the health care unit. Though Dr. Shah was informed that "this is the emergency code three", Dr. Shah refused to see Plaintiff

because Dr. Shah was leaving to go on his way home. The nurses, including Nurse Ring, took no action but falsified the medical notes to make it appear as if Plaintiff had received medical treatment.

In another incident that month, an inmate attempted to assault Plaintiff in his cell. He lunged at Plaintiff, but Plaintiff managed to push and lock the inmate out of the cell. Four nearby guards playing cards allegedly failed to prevent the attempted assault. Despite his innocence, Plaintiff was taken to segregation and received a disciplinary report falsely accusing him of assault. Plaintiff believes that this report was written because he refused to be an informant against his cellmate, whom prison officials suspected of smuggling contraband. Plaintiff ultimately lost 30 days of good time as a result of the disciplinary charge. He was not allowed to call witnesses on his behalf at the disciplinary hearing, and the incident was not properly investigated. An existing video recording would have allegedly exonerated him, but the defendants refused to obtain the recording.

Plaintiff asserts that he would have filed this case sooner but he has

been unable to obtain the names of many defendants.  He alleges that his requests for documents containing this information were refused.

## ANALYSIS

Plaintiff states an arguable Eighth Amendment claim for deliberate indifference to his serious dental needs.  See Berry v. Peterman, 604 F.3d 435 (7th Cir. 2010)(failure to treat tooth decay that caused serious pain supported claim for deliberate indifference).  According to his allegations, Plaintiff suffered unnecessary and severe pain for weeks because of his broken tooth.  However, the only named defendants that appear implicated in this claim are Dr. Shah and Dental Assistant "Ashley."  The rest appear to be unidentified "Doe" defendants.

Plaintiff also states a claim for deliberate indifference to his serious medical needs regarding the injuries he suffered from his fall.  Dr. Shah and Nurse Ring are the only named defendants that appear implicated in this claim.  Like the dental claim, the rest of the defendants appear to be Doe defendants.

Thus, the claims for deliberate indifference to Plaintiff's serious

medical and dental needs will proceed against Dr. Shah, Nurse Ring and Dental Assistant Ashley. At this point, the Court will also leave in the warden and the assistant wardens as defendants. Plaintiff's broken tooth may have been an obviously serious need even to a layperson, and the warden and assistant wardens arguably knew of the problem from Plaintiff's alleged grievances and letters.

However, no plausible claim arises against Wexford Health Services ("Wexford"). Wexford cannot be liable simply because it employs the medical and dental staff. Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)(no 42 U.S.C. § 1983 respondeat superior liability for municipality or private corporation); Jackson v. Ill. Medi-Car, Inc., 300 F.3d 760, 766 n. 6 (7th Cir. 2002)(private corporations acting under color of state law are treated as municipalities for purposes of 42 U.S.C. § 1983). Liability attaches to Wexford only if Wexford had an unconstitutional policy or practice that caused the constitutional deprivation. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). Plaintiff's conclusory allegations of failure to

supervise and train are insufficient to state a claim against Wexford. *See* Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Similarly, no plausible inference arises that the IDOC Director, IDOC Deputy Director, or IDOC Medical Director were personally responsible for these deprivations. *See* Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement). They cannot be held liable solely because they are in charge. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Thus, these claims proceed only against Dr. Shah, Nurse Ring, Dental Assistant Ashley, Warden Walls, and Assistant Wardens Young and Lowe.

Plaintiff's other claims cannot proceed for the various reasons discussed next. The claim about the false disciplinary ticket cannot proceed because it implies that Plaintiff's good time should be restored. In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court

held that claims which "necessarily imply the invalidity of the deprivation of . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994).  "[G]ood-time credits reduce the length of imprisonment, and habeas corpus is available to challenge the duration as well as the fact of custody."  Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994), citing Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(other citations omitted).  This rule "serve[s] the practical objective of preserving limitations on the availability of habeas remedies."  Muhammad v. Close, 540 U.S. 749, 751 (2004).  Plaintiff's allegations that the disciplinary charge was false necessarily challenges his loss of good time.  If he was not guilty of assault, he should not have lost good time.  So too for his allegations that he was not allowed to call witnesses or present other exonerating evidence.  Edwards, 520 U.S. at 646 (denial of exculpatory witnesses in disciplinary hearing revoking good time was habeas corpus

challenge).

There is no claim arising from Plaintiff's allegations that he was refused copies of his grievances, administrative responses, and medical records. A constitutional claim might lie if the defendants concealed essential evidence "rendering hollow the right to seek redress," but that did not happen here. Cefalu v. Village of Elk Grove, 211 F.3d 416, 422-23 (7th Cir. 2000)(no constitutional claim where alleged cover-up did not deprive Plaintiff of knowing facts necessary to seek redress). Even if these documents are necessary for Plaintiff to identify the defendants, the refusal to provide them did not prevent Plaintiff from seeking redress. Plaintiff knew the facts underlying his constitutional deprivations when he experienced them.

Plaintiff argues that his inability to obtain the defendants' names should extend the statute of limitations period, which is two years for 42 U.S.C. § 1983 claims. Evans v. City of Chicago, 434 F.3d 916, 934 (7th Cir. 2006). Plaintiff may be arguing that he should be permitted to file an amended complaint which "relates back" to the original complaint

once he has identified the Doe defendants. See Krupski v. Costa Crociere S.p.A, 130 S.Ct. 2485 (7th Cir. 2011)(discussing factors to consider on relation-back analysis). He may alternatively be arguing that the statute of limitations should be tolled for the unidentified defendants. See Worthington v. Wilson, 8 F.3d 1253 (7th Cir. 1993)("Under Illinois law, a plaintiff who alleges fraudulent concealment to toll the statute of limitations must set forth affirmative acts or words by the defendants which prevented him from discovering their identity.") These arguments are premature. They will be addressed if and when the Doe defendants are identified, served, and raise a statute of limitations defense.

As to the inmate's attempted assault on Plaintiff, if Plaintiff is trying to pursue an Eighth Amendment failure-to-protect claim, he cannot succeed because the assault never materialized. Babcock v. White, 102 F.3d 267, 270 (7th Cir. 1996)("[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.")

Plaintiff also seems to be pursuing claims based on the defective cookie and the icy walkway. Neither is a federal claim. "[N]egligence, even gross negligence, does not violate the Constitution." <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010). Plaintiff alludes to supplemental jurisdiction, but these claims are not "so related" to Plaintiffs federal claims that they "form part of the same case or controversy . . .". 28 U.S.C. § 1367(a). Additionally, the claims are based on the negligence of state actors in the performance of duties arising from their state jobs, claims over which the Illinois Court of Claims would have exclusive jurisdiction , if the claims can be pursued at all. <u>Loman v. Freeman</u>, 229 Ill.2d 104, 113 (2008)("Where the alleged negligence is the breach of a duty imposed on the employee solely by virtue of his state employment, the Court of Claims has exclusive jurisdiction.").

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. Section 1915A, the Court finds that Plaintiff states Eighth

Amendment claims for: 1) deliberate indifference to his serious dental needs arising from his broken tooth; and, 2) deliberate indifference to his serious medical needs arising from injuries he sustained as a result of his fall.  These claims will proceed at this point against Dr. Shah, Nurse Ring, Dental Assistant "Ashley," J.R. Walls, Richard Young, and Greg Lowe.

2. This case proceeds solely on the claims identified in paragraph (1) above, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. Plaintiff's state claims, to the extent he has any, are dismissed without prejudice.

4. Plaintiff's claims arising from the alleged false disciplinary report and disciplinary hearing are dismissed without prejudice, because they are premature until Plaintiff invalidates the disciplinary decision which resulted in the loss of good time through other channels, such as obtaining an expungement by prison officials, a state court order, or a federal writ of habeas corpus.

5. Plaintiff's claims arising from the alleged failure to protect him and failure to provide documents to him are dismissed, with prejudice, for failure to state a claim.

6. The following defendants are dismissed without prejudice: James Underwood, Susan Griswold, Officer Bloomfield, Officer Flowers, Lieutenant Jennings, Lieutenant Ashby, Counselor Vincent, Michael Puisis, Wexford Health Services, Ed McNeil, Michael Randle, Glenn Jackson, Sarah Johnson, and Terri Anderson.

7. The merit review hearing scheduled for September 12, 2011, is cancelled.

8. Plaintiff's petition to proceed in forma pauperis is granted (d/e 3) for the purpose of collecting the filing fee in installments. The clerk is directed to obtain Plaintiff's trust fund ledgers and to enter a text order assessing the initial partial filing fee.

9. This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint

and Scheduling Order.

10. Plaintiff has named at least 17 "Doe" defendants. Service is not possible on unidentified defendants. Plaintiff has the responsibility of correctly identifying the names of the Doe defendants for service. If he cannot otherwise obtain this information, he must seek it from the named Defendants after they have appeared through counsel. Failure to timely identify the Doe defendants without good cause will result their dismissal without prejudice.

11. Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

ENTERED:

FOR THE COURT:

                                                      s/Sue E. Myerscough
                                                 SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE